**IN THE UNITED STATES DISTRICT COURT**
<u>**FOR THE DISTRICT OF MARYLAND**</u>

JACINTA ELDER                \*
                                      \*
                                      \*
             v.                       \*          Civil No. – JFM-13-3043
                                      \*
BMO HARRIS BANK, ET AL.      \*
                               \*\*\*\*\*\*

## <u>MEMORANDUM</u>

Jacinta Elder has brought this action against BMO Harris Bank, N.A., First Premier
Bank, Missouri Bank and Trust, and Four Oaks Banks & Trust. She asserts claims on behalf of
herself and the putative class of persons who were residents in states (and the District of
Columbia) in which so called "payday loans" are illegal and who borrowed money from payday
lenders. The payday lenders themselves are not named as defendants. Each of the defendants
has filed a motion to compel arbitration. Defendants' motions will be granted.[1]

I.

A.

Plaintiff made payday loans from four different payday lenders: National Payday, MD
Financial LLC d/b/a Access Holdings Group, SEASIDE PAYDAY, Riverbend Cash, and Cash
Yes. All but one of the loan agreements contained an arbitration provision.[2] Defendants were

---

[1] In light of the fact that I am granting defendants' motion to compel arbitration, I am not
deciding various other motions that defendants have filed.
[2] It appears that it would be in the interest of the efficient adjudication of this action for me to
certify the arbitration issue for an interlocutory appeal in the event that plaintiff decides to appeal
my ruling. Alternatively, to avoid the risk that the Fourth Circuit may decide not to entertain an
interlocutory appeal, plaintiff may prefer to dismiss her claims against Four Oaks Bank & Trust
Co. (at least the claim based upon the loan agreement that does not contain an arbitration
provision) in light of the fact that it appears that she has not sustained any loss for the loans as to

not signatories to the loan agreements. Thus, they seek to enforce the arbitration provisions in the agreements as non-signatories.

B.

The defendants are Originating Depository Financial Institutions ("ODFIs"). As such, working through the Automated Clearinghouse Network, they debited plaintiff's bank account on behalf of the payday lenders. In doing so, they allegedly violated rules and regulations that that required them to perform risk-based due diligence and monitoring for unlawful transactions.

Because they assisted the payday lenders by debiting plaintiff's bank account in connection with an allegedly illegal loan, defendants are charged with having committed RICO violations and having aided and abetted the payday lenders in violating the Maryland statute prohibiting usury.[3]

II.

Non-signatories to an arbitration agreement (such as defendants) may enforce arbitration agreements when (1) principles of equitable estoppel apply because the non-signatory is being sued for conduct that is intertwined with the agreement contained in the arbitration provision, (2) the non-signatory is a third-party beneficiary of the agreement; or (3) the claim is based on conduct which the non-signatory allegedly took as an agent on behalf of the party with which the plaintiff agreed to arbitrate. *See generally Arthur Andersen v. Carlisle*, 556 U.S. 624, 631 (2009).[4]

---

which Four Oaks was the Originating Depository Financial Institution. Therefore, I am writing to counsel asking them if they are of the view that it would be appropriate for me to enter an order pursuant to Fed. R. Civ. P. 54(b) and/or 28 U.S.C. §1292 or for plaintiff to dismiss her claims, or one of them, against Four Oaks.

[3] Plaintiff alleges that the annual interest rates in the loans she made exceed 400%

[4] Arguably, I should not decide the question of whether the claims asserted by plaintiff are arbitrable, instead leaving that decision to the arbitrator. However, in light of the policy issues

2

There are two related but independent bases for applications of equitable estoppel: (1) "when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the non-signatory;" and (2) "when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both a non-signatory and one or more signatories to the contract." *Case Handyman & Remodeling Srvs. v. Schuele*, 959 A.2d 833, 842 (Maryland Ct. Spec. App. 2008), vacated on other grounds, 989 A.2d 210 (Md. 2010).[5] Both of these exceptions apply here. Clearly, plaintiff must rely on the terms of the written agreement in which the arbitration clause is contained because it is that agreement that contains the allegedly usurious interest provision upon which this law suit is based. Equally clearly, according to plaintiff's allegations, defendants and the payday lenders engaged in "substantially interdependent and concerted misconduct" by virtue of the fact that defendants were responsible for the debits made to plaintiff's bank account based upon the allegedly usurious loans.

---

presented by this case, I deem it appropriate to decide the arbitrability issue myself. I find that the doctrine of equitable estoppel clearly applies here. Therefore, I need not reach the questions of whether defendants are third party beneficiaries of the arbitration provisions or whether defendants acted as agents for the payday lenders. As to the latter defense, however, I note that plaintiff has alleged, in fact, that defendants conspired with the payday lenders to collect an unlawful debt, and that it is a well-established principle that co-conspirators are agents of one another. Therefore, in the context of the claims asserted by plaintiff, is appears rather clear that defendants did act as the payday lenders' agents.

[5] Plaintiff contends that Utah rather than Maryland law should apply to the estoppel question. Even if that is true, plaintiff's argument leads nowhere. In *Ellsworth v. American Arbitration Ass'n*, 148 P.3d 983 (Utah 2006), the court, while holding that under the particular facts of the case a nonsignatory to an arbitration agreement was not bound by an arbitration clause, expressly noted: "Mr. Ellsworth correctly points out that the nonsignatory estoppel exception has never been applied in Utah. Nevertheless, we know of no reason why it could not be, in the appropriate situation." 148 P.3d 989, and p.11. Therefore, I cite Maryland law in the text because the "nonsignatory estoppel exception" recognized by the Utah Supreme Court in *Ellsworth* has been fleshed out in Maryland.

Arbitration law may have developed quite differently than it did. For example, precedent might establish that where a plaintiff alleges a violation of public policy embodied in a legislative enactment, an arbitration clause concerning a claim based upon an alleged violation of that policy is invalid. It would not be unreasonable to find that under such a circumstance a judge, as the representative of a public institution, rather than an arbitrator, should decide the issues. That, however, is not the way in which arbitration law has been developed, and it is not the role of this court to radically change arbitration law as plaintiff suggests.[6] Accordingly, defendants' motions will be granted and this action will be stayed and administratively closed.


Date:  April 11, 2014                    /s/
                                         J. Frederick Motz
                                         United States District Judge

---

[6] Plaintiff contends that the fact that this case involves a nonsignatory to the agreement contained in the arbitration clause distinguishes this case from all other cases that have been decided in the past. That, however, is a distinction without a difference. Precedent clearly establishes that non-signatories may enforce an arbitration clause where principles of equitable estoppel apply. Likewise, plaintiff's argument that defendants cannot invoke the equitable estoppel defense because their own hands are "dirty" is without merit because it assumes that plaintiff's allegations of misconduct by defendants are accurate. If an arbitrator concludes that a defendant has engaged in misconduct, the arbitrator can and should rule against that defendant.